UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENNIS RYAN )  | CIVIL ACTION NO. 3:10 CV 1873 (CSH) |
|     Plaintiff ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| LAW OFFICES HOWARD LEE ) | |
| SCHIFF, P.C. and STEPHEN WIENER ) | |
|         Defendants ) | MARCH 2, 2011 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants, LAW OFFICES HOWARD LEE SCHIFF, P.C. and STEPHEN WIENER, hereby submit the following Memorandum of Law in Opposition to the plaintiff's Motion to Strike:

Plaintiff has moved to strike the defendant's Second Affirmative Defense which alleges as follows:

**SECOND AFFIRMATIVE DEFENSE**

    Any alleged violation was the result of a bona fide error, and liability may not be imposed on the defendant pursuant to 15 U.S.C. §1692k(c) in that defendant maintains procedures and practices to ensure compliance with the Fair Debt Collection Practices Act; any violation of the Act was unintentional and occurred notwithstanding the maintenance of such procedures. Defendants specifically allege that it relies on Conn. Gen. Stat. §52-365d(e) which authorizes the imposition of post judgment interest on any unpaid balance under an installment payment order, as defined in Conn. Gen. Stat. §52-350a(9). Defendants maintain procedures and practices to ensure that the balances transmitted to a debtor in any letter that it sends are accurate, including but not limited to, computer programs to update balances and daily postings of payments received from debtors. Defendants further rely on Connecticut law, such as Conn. Gen. Stat. §52-367a, which does not require that a judgment debtor default on an installment payment order as a condition precedent for the issuance and levy of a bank execution against a judgment debtor.

Plaintiff first claims that this affirmative defense must be stricken since the bona fide error defense under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k, only applies to "unintentional" mistakes by a debt collector.  Here, defendant has specially alleged that any violation of the Act was *"unintentional."*  Plaintiff may dispute the fact that it was unintentional, but that may be a genuine issue of fact, and to strike this defense on this basis at this stage would certainly result in defendant being unfairly restricted in this case.

Further, plaintiff argues that the bona fide error defense does not apply to mistakes of law, and she cites to *Ballou v. Law Offices Howard Lee Schiff P.C.,* 713 F. Supp. 2d 79, 82 (D. Conn. 2010).  Plaintiff is mistaken in this citation.  Judge Kravitz certified the case to the Connecticut Supreme Court under Conn. Gen. Stat. §52-199b.  In dicta, Judge Kravitz noted as follows:

> The Court notes that, in the Second Circuit, a mistake of law is not a defense under the FDCPA. *See Gervais v. Riddle & Assoc., P.C,* 479 F.Supp.2d 270, 279 (D.Conn.2007) (citing cases in which the Second Circuit has held that the bona fide error defense does not apply to mistakes of law). The Supreme Court also recently held that a mistaken interpretation of the FDCPA itself is not a defense under the statute. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 559 U.S. __, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010). Although the Supreme Court explicitly stated that its holding did not apply to mistakes of state law or federal law other than the FDCPA, *id.* at 1611 n. 4, the reasoning of *Jerman* would seem to apply to all mistakes of law. Nonetheless, the Court need not decide whether *Jerman* covers all mistakes of law since prior Second Circuit precedent holds that a mistake of law is not a defense. Before this Court holds that every collector who added interest to a judgment to be paid in installments is in violation of Connecticut law, and thus the FDCPA if within the one-year statute of limitations, the Court seeks to clarify this unsettled question of Connecticut law by certifying it to the Connecticut Supreme Court.

*Id. at 82.*  While *Jerman v. Carlisle* held that there could be no "mistake of law" bona fide error defense *with respect to the interpretation of the Fair Debt Act,* Jerman did not address the situation that we have here—where there may have been a genuine mistake as to state law—

2

still yet to be determined by the Connecticut Supreme Court--which may very well constitute a bona fide error for purposes of the Fair Debt Act.

There is no claim by the plaintiff of potential bias in allowing the defendant to properly state an affirmative defense of bad faith on the plaintiff's part in accordance with 15 U.S.C. § 1692k.  Defendants are entitled to assert defenses and if discovery is necessitated on those defenses, it does not constitute unfair prejudice, but rather an inherent component of litigation.  If, after conducting discovery, plaintiff believes defendants' affirmative defenses cannot succeed, such a contention may be taken up at that later stage, on a more fully developed factual record.  *See Schechter v. Comptroller of the City of N.Y.*, 79 F.3d 265 (2d Cir. 1996) (analyzing sufficiency of affirmative defenses in deciding Fed. R. Civ. P. 12(c) motion); *D'Agostino v. Housing Auth. of the City of Waterbury*, 2006 WL 1821355 at *1 (D. Conn. June 30, 2006) ("To the extent that Plaintiff asks the Court to determine that the affirmative defense is legally insufficient, his motion is premature at this point.").  As such, the plaintiff's motion to strike should be denied.

Motions to strike affirmative defenses are generally disfavored.  *E.g. William Z. Saber, Panfeld, Edelman v. Envian Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *State of New York v. Almy Brothers, Inc.*, 1971 F. Supp. 69 (N.D.N.Y. 1997).   Striking a portion of a pleading is a drastic remedy, and therefore, infrequently granted.  5A *Wright & Miller*, Federal Practice and Procedure § 1380 (2d ed. 1990).  Moreover, motions to strike affirmative defenses should not be granted " unless it appears to a certainty that plaintiff's would succeed despite any state of the facts which could be proved in support of the defense."  *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 938 (2d Cir. 1984) *vacated on other grounds*, 478 U.S. 1015 (1986).  Thus, "an

3

affirmative defense may be pleaded in general terms and will be held to be sufficient and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." Fed. Practice & Procedure § 1274.

Wherefore, the defendants respectfully request that the plaintiff's motion to strike the defendants' affirmative defense be DENIED in its entirety.

DEFENDANTS, LAW OFFICES HOWARD LEE SCHIFF PC
AND STEPHEN WIENER

/s/*Jeanine M. Dumont*
Jeanine M. Dumont ct 05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
cmoylan@hlschiffpc.com
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on MARCH 11, 2011 to the following counsel of record:

**COUNSEL FOR PLAINTIFF**
JOANNE FAULKNER, ATTORNEY AT LAW
123 AVON STREET
NEW HAVEN, CT 06511-2422

**CO-COUNSEL FOR DEFENDANT**
JILL E. ALWARD, ATTORNEY AT LAW
THOMAS A. LEGHORN, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER-NY
3 GANNETT DR.
WHITE PLAINS , NY 10604

/s/*Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**