## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

DENNIS RYAN,

        Plaintiff,

  v.

LAW OFFICES HOWARD LEE SCHIFF,
P.C. AND STEPHEN WEINER,

        Defendants.

3:10-cv-1873 (CSH)

## RULING ON PLAINTIFF'S MOTION TO STRIKE

HAIGHT, Senior District Judge:

      Plaintiff Dennis Ryan filed this action against Defendants Law Offices Howard Lee Schiff,

P.C. and Stephen Wiener (collectively, "Defendants"), alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), the Connecticut Creditor's Collection Practices Act, and the Connecticut

Unfair Trade Practices Act.  Plaintiff moves to strike the Defendants' Affirmative Defenses, arguing

that they fail to plead a sufficient defense pursuant to Federal Rule of Civil Procedure 12(f).[1]  For

the following reasons, the Plaintiff's motion is **DENIED.**

## I.      BACKGROUND

      Defendant Law Offices Howard Lee Schiff, P.S. is a law firm, and Defendant Wiener is a

staff attorney for the firm.  Plaintiff alleges that the Defendants sought to collect a debt between

Plaintiff and another Defendant in this case, Capital One Bank, in violation of the FDCPA.

According to the Complaint, after Defendants received a default judgment against the Plaintiff in

---

[1] Plaintiff's motion refers to both Rule 12(f) and 12(b)(6), but Rule 12(f) is the proper
vehicle to move to strike a defendant's affirmative defense.  *See* 5C Charles Alan Wright &
Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004).

state small claims court, the Defendants attempted to collect post-judgment interest despite the fact that the state court did not award post-judgment interest.

In their Answer, Defendants assert two affirmative defenses. First, they claim that they had proper authority under Connecticut law, Conn. Gen. Stat. § 52-365d(e), to collect post-judgment interest under an installment payment order, and thus did not violate the FDCPA. Second, they argue that any alleged violation of the FDCPA was due to an unintentional "bona fide error" and thus exempt from liability under 15 U.S.C. § 1692k(c).

## II. DISCUSSION

Plaintiff moves to strike the Defendants' affirmative defenses. Defendant argues that the sole affirmative defense available under the FDCPA is the bona fide error defense, but that this defense is not available to the Defendants for two reasons. First, Plaintiff claims that the bona fide error defense is only available for unintentional violations, and the Defendants' actions were deliberate. Second, Plaintiff, citing a recent decision by Judge Mark R. Kravitz of this Court, argues that a mistake of law is not a viable defense under the FDCPA. *Ballou v. Law Offices of Howard Lee Schiff, P.C.*, 713 F. Supp. 2d 79, 82 (D. Conn. May 21, 2010) (noting that in the Second Circuit "a mistake of law is not a defense under the FDCPA").

Defendants object to Plaintiff's motion to strike.[2] First, they argue that the question of whether any alleged violation was intentional or not is a question of fact that should not be decided at this point in the litigation. Second, Defendants argue that whether there has been a violation of

---

[2] Defendants, in their Memorandum of Law in Opposition to Plaintiff's Motion to Strike, appear to read Plaintiff's motion as limited to their Second Affirmative Defense. The Court understands the Plaintiff's motion as seeking to strike both affirmative defenses. In any event, the Defendants' arguments are sufficient for the Court to adequately resolve the motion regarding both defenses.

the FDCPA for seeking post-judgment interest under a payment plan—much less whether they may rely on a mistake of law—has not yet been determined by the courts. The Defendants note that *Ballou*, the very case that Plaintiff cites, is an order certifying questions of state law to the Connecticut Supreme Court. The certification currently before the Connecticut Supreme Court goes to the heart of Defendants' First Affirmative Defense: whether Connecticut law, Conn. Gen. Stat. § 52-365d(e), "provide[s] for the automatic accrual of post-judgment interest on all judgments in which an installment payment order has been entered by the court[.]" *Ballou*, 713 F. Supp. 2d at 83.

Motions to strike affirmative defenses are generally disfavored. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004). The standard to prevail on a motion to strike an affirmative defense is demanding. "Plaintiff[] must establish that: (1) there is no question of fact that might allow the defense to succeed; (2) there is no substantial question of law that might allow the defense to succeed; and (3) [he] would be prejudiced by the inclusion of the defense." *MTA Metro-North R.R. v. Buchanan Marine, L.P.*, 2006 U.S. Dist. LEXIS 88850 (D. Conn. 2006).

As an initial matter, the Plaintiff does not allege any prejudice suffered by the inclusion of the Defendants' affirmative defenses. This alone is sufficient to deny the motion. But this Court also finds that there are substantial questions of law and fact that prevent striking either affirmative defense.

The Defendants' First Affirmative Defense is that the alleged conduct, seeking post-judgment interest under a payment plan, does not violate the FDCPA because such post-judgment interest is authorized under Connecticut law. Whether Conn. Gen. Stat. § 52-365d(e) provides such authority is an unresolved legal question currently pending before the Connecticut Supreme Court. *See*

*Ballou*, 713 F. Supp. 2d at 83. Therefore, there is a substantial question of law as to whether the affirmative defense will succeed, and striking the defense would be inappropriate.

The Defendants' Second Affirmative Defense is that any alleged violation of the FDCPA was "the result of bona fide error" and thus exempt from liability under the FDCPA. Plaintiff argues that such a defense fails because: (1) Defendants' conduct was intentional and the liability exemption only applies to unintentional violations; or (2) the error in question was a mistake of law, which is not a defense under the FDCPA. The Defendants correctly note that whether their alleged conduct was intentional or not is a question of fact and not appropriately adjudicated by a motion to strike.

The question of whether a mistake of law regarding state law may provide a defense under the FDCPA's bona fide error exemption is a closer one. The Supreme Court recently held that a mistaken interpretation of the FDCPA cannot be a defense under section 1692k of the Act. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. __, 130 S. Ct. 1605, 1608 (2010). In *Ballou*, Judge Kravitz notes that while the Supreme Court explicitly refrained from applying its holding to mistakes of state law, the "reasoning of *Jerman* would seem to apply to all mistakes of law." *Ballou*, 713 F. Supp. 2d at 82. It may be that the Defendants may not be able to assert a bona fide error defense on the basis of a mistaken interpretation of state law, but the Court does not need to decide the question now. It is sufficient for current purposes that there is a "substantial question of law" as to whether a mistake of state law may be considered a bona fide error under the FDCPA.

For the following reasons, the Plaintiff's motion to strike is **DENIED**.

Dated: New Haven, Connecticut
March 23, 2011

_____/s/ Charles S. Haight, Jr._____
Charles S. Haight, Jr.
Senior United States District Judge

-4-